CADES SCHUTTE
A Limited Liability Law Partnership LLP

MARTIN E. HSIA                    2954-0
COLIN O. MIWA                    2997-0
MEGAN A. SUEHIRO               9582-0
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4216
Telephone:  (808) 521-9200
Facsimile:  (808) 521-9210
E-mail:  mhsia@cades.com
E-mail:  cmiwa@cades.com
E-mail:  msuehiro@cades.com

Attorneys for Plaintiff
TRENDTEX FABRICS, LTD.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRENDTEX FABRICS, LTD.,<br><br>   Plaintiff,<br><br> v.<br><br>CHAD JUNG KIM (dba Tropical Group),<br><br>   Defendant. | CIVIL NO.  CV13 00480 DKW-KSC<br>(Copyright)<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CHAD JUNG KIM (dba TROPICAL GROUP) |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT CHAD JUNG KIM (dba TROPICAL GROUP)**

Plaintiff Trendtex Fabrics, Ltd. ("Plaintiff" or "Trendtex") filed a

Motion for Default Judgment Against Defendant Chad Jung Kim (dba Tropical

Group) on January 21, 2014 ("Motion").  ECF No. 10.  Defendant Chad Jung Kim

("Defendant") was served with a copy of the Motion, but did not file an opposition

or otherwise respond to the Motion.  See ECF No. 10-7.  The Motion came on for

hearing on February 18, 2014, before the Honorable Kevin S.C. Chang.  Megan A.

Suehiro, Esq. appeared on behalf of Trendtex; no other party made an appearance.

See ECF No. 13.

After careful consideration of the Motion, the declarations, exhibits,

and the record established in this action, the Court FINDS AND RECOMMENDS

that the Motion be GRANTED IN PART AND DENIED IN PART.

BACKGROUND

Plaintiff filed its Complaint for copyright infringement against

Defendant Chad Jung Kim on September 23, 2013.  ECF No. 1.  Plaintiff owns the

copyrights to the following design:

| U.S. Copyright Registration No. | Trendtex Design No. |
|---|---|
| VA 1-859-099 | LL-031R2 ("Panel Hibiscus Design") |

Compl. ¶ 7; Ex. A to Compl. ("Copyrighted Design").  Plaintiff has manufactured

and sold fabric and apparel bearing the Copyrighted Design since at least as early as 2009.  Compl. ¶ 8.  Both Plaintiff's and Defendant's principal places of business are in Hawaii.  Compl. ¶¶ 1, 2.  The Complaint alleges that Defendant manufacturers, distributes, and sells clothing, bags, and other items in this judicial district using fabric bearing a design that is substantially similar, if not identical, to the Copyrighted Design.  Compl. ¶ 9.

On April 11, 2013, Plaintiff's counsel sent a letter to Defendant notifying Defendant that Plaintiff owned the copyright to the Panel Hibiscus Design.  Ex. B to Compl.  However, Defendant persisted in manufacturing, distributing, and selling clothing and other items bearing a design substantially similar to the Panel Hibiscus Design.  Compl. ¶ 9.

Plaintiff alleges that the manufacturing, distribution, or sale by Defendant of clothing and other items featuring designs that are substantially similar to Plaintiff's Copyrighted Design constitutes copyright infringement. Compl. ¶ 10.  In the Complaint, Plaintiff seeks monetary damages, an injunction, an order of impoundment of the infringing goods, an order directing Defendant to send written notices to every entity that has received infringing goods from Defendant, and attorneys' fees and costs.  Id. at 6-7.

The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on January 7, 2014.  ECF No. 9-2.  The present Motion followed.

## ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or a sum that can be made certain by computation[.]"  Fed. R. Civ. P. 55(b) (1).  The granting or denial of a motion for default judgment is within the discretion of the court.  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right.  Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court should consider the following factors in deciding whether to grant a motion for default judgment:

    (1)    the possibility of prejudice to the plaintiff;

    (2)    the merits of plaintiff's substantive claim;

    (3)    the sufficiency of the complaint;

    (4)    the sum of money at stake in the action;

    (5)    the possibility of a dispute concerning material facts;

(6)    whether the default was due to excusable neglect; and

(7)    the strong policy underlying the Federal Rules of Civil

Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default, "the factual allegations of the complaint, except those

relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v.

Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin.

Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint

regarding liability are deemed true, but the plaintiff must establish the relief to

which it is entitled.  Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir.

2002).  Also, "necessary facts not contained in the pleadings, and claims which are

legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N.

Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d

1386, 1388 (9th Cm. 1978)).

## A.    Jurisdiction

Before considering the merits of default judgment, the Court has an

affirmative obligation to determine whether or not it has subject matter jurisdiction

over this action and personal jurisdiction over Defendant.  See In re Tuli, 172 F.3d

707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be

successfully attacked as void, a court should determine whether it has the power,

i.e., the jurisdiction, to enter the judgment in the first place."). First, the Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement. <u>See</u> 17 U.S.C. § 501; 28 U.S.C. § 1331. Second, the Court has personal jurisdiction over Defendant because Defendant was personally served with the Summons and Complaint on December 11, 2013. <u>See</u> ECF Nos. 7 and 9-1, Decl. of Megan A. Suehiro submitted in support of the Request for Entry of Default ¶ 3; Fed. R. Civ. P. 4(e)(2)(A). The Court finds that it has both subject matter and personal jurisdiction.

**B.    <u>Eitel</u> Factors**

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the <u>Eitel</u> factors outlined above.

**1.    The Possibility of Prejudice to Plaintiff**

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. <u>Eitel</u>, 782 F.2d at 1471. Here, absent entry of default judgment, Plaintiff would be without another recourse for recovery. Accordingly, the first <u>Eitel</u> factor favors the entry of default judgment.

**2.    Merits of Plaintiff's Substantive Claims**

As noted above, for purposes of liability, the factual allegations in the complaint are taken as true on default. <u>See</u> <u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917-18; <u>Fair Hous. of Marin</u>, 285 F.3d at 906. Here, Plaintiff brought this action

against Defendant for copyright infringement.  "To establish infringement, two elements must be proven:  (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991) (citation omitted); see also Rice v. Fox Broad. Co., 330 F.3d 1170, 1174 (9th Cir. 2003).  Plaintiff can establish the second element by demonstrating that Defendant had access to Plaintiff's work and that the two works are substantially similar.  L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012) (citation omitted).

The Court finds that Plaintiff's allegations, taken as true, are sufficient to establish that Plaintiff is entitled to judgment against Defendant.  Plaintiff alleges ownership in the Copyrighted Design and attached a copy of its Certificate of Registration.  Compl. ¶ 7; Ex. A to Compl.  Plaintiff also alleges that Defendant's design is substantially similar to the Copyrighted Design and that Defendant had access to the copyrighted work because both Defendant and Plaintiff have their principal place of business in Hawaii.  Compl. ¶¶ 1, 2, 9. Accordingly, this factor weighs in favor of default judgment.

### 3.    Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion.  The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4.  Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." Pepsico, Inc., 238 F. Supp. 2d at 1176. Plaintiff seeks $150,000 in statutory damages, plus attorneys' fees and costs.  ECF No. 10-1 at 13, 22-23.  Plaintiff's damages request is tailored to Defendant's specific wrongful conduct in infringing Plaintiff's Copyrighted Design.  The Court finds that this factor weighs in favor default judgment.

### 5.  Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.  TeleVideo Sys., Inc., 826 F.2d at 917-18.  Defendant has been given a fair amount of time to answer the Complaint and deny that it infringed Plaintiff's design; Defendant has not done so.  Because no dispute has been raised regarding Plaintiff's material factual allegations, the Court finds that this factor favors default judgment.

### 6.  Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect.  Plaintiff served Defendant on December 11, 2013.  ECF Nos. 7 and 9-1.  Defendant did not file a response to Plaintiff's Complaint.  ECF No. 9-1. In addition, Plaintiff served Defendant with notice of this Motion on January 21, 2014.  ECF No. 10-7.  Despite ample notice of this lawsuit and Plaintiff's intention to seek a default judgment, Defendant has not appeared in this matter to date.  The

record suggests that Defendant's default was not the result of any excusable

neglect, but rather due to Defendant's conscious and willful decision not to defend

this action.  Consequently, this factor favors default judgment.

### 7.     Policy Favoring Decisions on the Merits

Defendant's failure to answer Plaintiff's Complaint makes a decision

on the merits impractical, if not impossible.  Under Rule 55, "termination of a case

before hearing the merits is allowed whenever a defendant fails to defend an

action."  PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc.

v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("[T]he mere

existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone

dispositive.").  Here, Defendant has failed to defend this action and has

consequently rendered adjudication on the merits before this Court impracticable.

This factor does not preclude the Court from entering default judgment against

Defendant.

### 8.     Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of

entering default judgment in Plaintiff's favor and against Defendant.

### C.     Remedies

In its Motion, Plaintiff requests the following: (1) statutory damages;

(2) a permanent injunction against Defendant; (3) an order of impoundment of the

infringing goods; (4) an order requiring Defendant to send notice to any entity that

received infringing goods; and (5) attorneys' fees and costs.  Each of Plaintiff's requested remedies is addressed below.

### 1.    Statutory Damages

As an alternative to actual damages, Plaintiff may elect to seek an award of statutory damages of no less than $750 and up to $30,000 per copyright infringement.  See 17 U.S.C. § 504(c)(1).  If Plaintiff is able to prove that the infringement was willful, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.  See id. § 504(c)(2).  Courts have wide discretion in determining the amount of statutory damages within the allowable range.  See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001).  The court should consider what is just in the particular case in light of the nature of the copyright, the circumstances of the infringement, and other relevant circumstances.  Los Angeles News Serv. v. Reuters Television Int'l, Ltd., 149 F.3d 987, 996 (9th Cir. 1998)

Here, Plaintiff has adequately pled a claim for copyright infringement, and it is therefore entitled to statutory damages at a minimum of $750 and a maximum of $30,000 in statutory damages under Section 504(c)(1).  However, Plaintiff requests an enhanced damages award under Section 504(c)(2) asserting that Defendant's infringement was committed wilfully.  Compl. ¶ 11.  An infringement is willful under the Copyright Act if the defendant had knowledge

that his conduct was infringing, or the defendant acted with reckless disregard for the copyright holder's rights.  <u>Sega Enters. v. MAPHIA</u>, 948 F. Supp. 923, 936 (N.D. Cal. 1996).  Plaintiff asserts that Defendant was sent a letter about his infringing activities in April 2013, and that Defendant's continued infringement after that date is evidence of willfulness.  ECF No. 10-1 at 7-8.  The Court finds that the letter sent in April 2013 is sufficient to demonstrate willfulness for Defendant's continued acts of infringement of the Copyrighted Design.  Plaintiff is entitled to $150,000 in statutory damages for Defendant's willful infringing activities related to the Copyrighted Design.  The Court RECOMMENDS that Plaintiff be awarded $150,000 in statutory damages under the Copyright Act.

### 2.    Injunctive Relief

Plaintiff asks the Court to enter a permanent injunction against Defendant to enjoin him, his agents, servants, employees, and affiliates, and all other persons and/or entities acting in concert with them, from infringing on Plaintiff's U.S. Copyright Registration No. VA 1-859-099.  A plaintiff seeking a permanent injunction in a copyright infringement action must establish:

(1)    that it has suffered an irreparable injury;

(2)    that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;

(3)    that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and

(4)    that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006); Flexible Lifeline Sys., Inc. v. Precision Lift, Inc., 654 F.3d 989, 996 (9th Cir. 2011).

Plaintiff alleges that absent injunctive relief Defendant will continue to infringe on Plaintiff's Copyrighted Design.  Compl. ¶ 14.  Plaintiff asserts that further irreparable harm and injury to Plaintiff are imminent as a result of Defendant's conduct, including, but not limited to, the loss of customers and market share, especially to the extent that the infringing items bear a design that is incorporated into fabric or garments manufactured and sold by Trendtex on an exclusive basis to certain Hawaii garment manufacturers and retailers.  Id. ¶ 17.  In support of its Motion, Plaintiff submitted the declaration of its vice president, Donna Hamai, regarding the numerous complaints that Plaintiff has received from its customers that business has slowed tremendously because of Defendant's sale of infringing goods.  ECF No. 10-2 ¶ 2.  Ms. Hamai also states that bulk orders from customers have either stopped or slowed because of Defendant's sale of infringing goods.  Id. ¶ 4.  Plaintiff contends that the hardship to Defendant is minimal because Defendant would be able to continue to do business and will only be prevented from infringing on Plaintiff's Copyrighted Design.  ECF No. 10-1 at 20.  Finally, Plaintiff asserts that the public interest is supported by the issuance of an injunction enforcing federal copyright law.  Id. at 20-21.

- 11 -

Based on Plaintiff's allegations and the declaration of Ms. Hamai, Plaintiff has shown that it is entitled to injunctive relief based on Defendant's violation of federal copyright law.  See 17 U.S.C. § 502(a) (authorizing a court to grant injunctions "as it may deem reasonable to prevent or restrain infringement of a copyright").  The Court RECOMMENDS that Plaintiff be awarded a permanent injunction against Defendant.

### 3.    Order of Impoundment

Plaintiff also seeks an order requiring Defendant to deliver to the Court for impoundment all materials in his possession or control that are alleged to infringe on the Copyrighted Design, or which may be used to infringe.  ECF No. 10-1 at 21-22.  The Copyright Act provides for such relief.  See 17 U.S.C. § 503. The Court RECOMMENDS that the district court issue an order of impoundment.

### 4.    Order Regarding Notice to Third Parties

Plaintiff also requests that the Court issue an order directing Defendant to send written notice to each person or entity who has received from Defendant, or his agents, representatives, employees or servants, any fabric, clothing, bags, or other items that infringe on the Copyrighted Design, said notice to (a) request each such recipient return all such items to Defendant; and (b) advise each such recipient that each such item is in violation of Plaintiff's right to the Copyrighted Design.  ECF No. 10 at 2.  The Court finds that Plaintiff has failed to

establish that it is entitled to an order directing Defendant to send written notice to each person or entity who has received any items that infringe on the Copyrighted Design.  The Court RECOMMENDS that the district court DENY Plaintiff's request for such an order.

### 5.    Attorneys' Fees and Costs

The Court has discretion to "allow the recovery of full costs by or against any party," and "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  The Ninth Circuit has identified five non-exclusive factors that a court may consider in deciding whether to award attorneys' fees pursuant to Section 505: "the degree of success obtained; frivolousness; motivation; objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence."  Warner Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1074 (C.D. Cal. 2004) (quotation omitted).  Here, these factors support an award of fees and costs.  Plaintiff has achieved success on its claims; its claims were not frivolous; Defendant's failure to defend this action was unreasonable; and an award of fees and costs would further the Copyright Act's goals of compensation and deterrence.

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fisher v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The court must

determine a reasonable fee by multiplying "the number of hours reasonably

expended on the litigation" by "a reasonable hourly rate." <u>Hensley</u>, 461 U.S. at

433. Second, the court must decide whether to adjust the lodestar amount based on

an evaluation of the factors articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526

F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar

calculation. <u>See</u> <u>Fisher</u>, 214 F.3d at 1119 (citation omitted). The factors the Ninth

Circuit articulated in <u>Kerr</u> are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

<u>Kerr</u>, 526 F.2d at 70. The subsumed factors taken into account in the "lodestar"

calculation are: "'(1) the novelty and complexity of the issues, (2) the special skill

and experience of counsel, (3) the quality of representation, . . . (4) the results

obtained,' <u>Morales v. City of San Rafael</u>, 96 F.3d 359, 364 n.9 (9th Cir. 1996)

(quoting <u>Cabrales v. County of Los Angeles</u>, 864 F.2d 1454, 1464 (9th Cir.

1988), <u>reinstated</u>, 886 F.2d 235 (1989), <u>cert. denied</u>, 494 U.S. 1091, 110 S. Ct.

1838, 108 L. Ed. 2d 966 (1990)), and (5) the contingent nature of the fee

- 14 -

agreement," <u>City of Burlington v. Dague</u>, 505 U.S. 557, 112 S. Ct. 2638, 2643, 120 L. Ed. 2d 449 (1992).  Once calculated, the "lodestar" is presumptively reasonable. <u>See</u> <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>,  483 U.S. 711, 728 (1987); <u>see</u> <u>also</u> <u>Fisher</u>, 214 F.3d at 1119 n.4 (the lodestar figure should only be adjusted in rare and exceptional cases).

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  <u>See</u> <u>Webb v. Ada County</u>, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  <u>See</u> <u>id.</u>; <u>see also</u> <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir. 1992), <u>as amended on denial of reh'g,</u> (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  Although attorneys are required to provide evidence that the rate charged is reasonable, <u>see</u> <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263 (9th Cir. 1987), this Court is aware of the prevailing rates in the community.  Based on the Court's experience and its knowledge of the rates generally awarded in this district, the Court hereby finds the following hourly rates to be reasonable:  1) Martin Hsia - $350; 2) Colin O. Miwa - $340; and 3) Megan Suehiro - $125.   <u>Trend[t]ex Fabrics, Ltd. v. Chad Jung Kim</u>, Civil No. 13-00253 LEK-RLP, 2013 WL 5947027, at *8 (D. Haw. Nov. 5, 2013).

After carefully reviewing the timesheets submitted by Plaintiff, the Court finds that Mr. Hsia reasonably expended 0.25 hours, Mr. Miwa reasonably expended 2.5 hours, and Ms. Suehiro reasonably expended 16.75 hours in this action.[1]   However, insofar as counsel billed in quarter-hour increments, the Court finds it necessary to reduce the compensable hours by 10%, to account for any excessive billing that may have resulted from this billing practice.  <u>World Triathalon Corp. v. Dunbar</u>, 539 F. Supp. 2d 1270, 1286 (D. Haw. 2008) (citing <u>Welch v. Metro. Life Ins. Co.</u>, 480 F.3d 942, 949 (9th Cir. 2007) (affirming district court's 20% across-the-board reduction for quarter-hour billing where such billing resulted in a request for excessive hours, i.e. a minimum of 15 minutes billed for tasks that likely took a fraction of the time).  Applying this reduction, the resulting compensable hours are as follows:  1) Mr. Hsia – 0.225; 2) Mr. Miwa – 2.25; and 3) Ms. Suehiro – 15.075.  When multiplied by counsel's respective hourly rates, the resulting fees and tax total $2,856.66.  The Court accordingly recommends a total award of $2,856.66 in attorneys' fees and tax.

---

[1] Plaintiff requests $2.955.00 in fees plus $139.24 in tax.  Plaintiff's calculations are incorrect.  Plaintiff's subtotal should be $3,031.25.  On page 4 of Exhibit 1 to Doc. No. 14, the 2/17/14 time entry is listed as "no charge" but Plaintiff included the $31.25 total in its final calculation, and Mr. Miwa's total charge for his 2/25/14 time entry should be $170.00, not $62.50 (the latter number reflects a lodestar calculation with a $125.00 hourly rate).

Plaintiff additionally requests $4,594.97 in costs. The Court finds the filing fee, the service costs, and the postage to be compensable. By contrast, the Court declines to recommend recovery of the copying and office supply (tabs) costs. Office supplies should be subsumed in a firm's overhead. With respect to the copies, Plaintiff has failed to provide the information required by Local Rule 54.2(f)(4), which states:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied. As of the effective date of these rules, the practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable. The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not taxable.

Local Rule 54.2(f)(4). Mr. Miwa indicated that copies were made at $.12 per page and $1.25 per page for color copies. However, Plaintiff did not describe the documents copied and the use or intended purpose for the items copied. Without this information, the Court is unable to ascertain whether the copies were for the use and/or convenience of Plaintiff or counsel, or for some other legitimate purpose. As a result, the Court recommends that these requested costs be denied. Following judgment, Plaintiff may file a bill of costs in compliance with Local Rule 54.2 if it wishes to recover its copying costs. Based on the foregoing, the Court recommends that Plaintiff recover $4,279.43 in costs.

CONCLUSION

In accordance with the foregoing, the Court FINDS and

RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED

IN PART as follows:

(1)    Default judgment be entered in Plaintiff's favor and against

Defendant Chad Jung Kim;

(2)    Plaintiff be awarded $150,000 in statutory damages under the

Copyright Act.

(3)    Defendant and his agents, servants, employees, and affiliates,

and all persons and/or entities acting in concert with them be permanently enjoined

from infringing on Plaintiff's U.S. Copyright Registration No. VA 1-859-099.

(4)    Defendant be ordered to deliver to the Court for impoundment

all materials in his possession or control that are alleged to infringe on Plaintiff's

Copyrighted Design, or which may be used to infringe.

(5)    Plaintiff's request for an order directing Defendant to send

written notice to third parties who have received any infringing items be DENIED.

(6)    Plaintiff be awarded $2,856.66 in attorneys' fees and tax and

$4,279.43 in costs.[2]

---

[2]  Tax was included only for the postage.

IT IS SO FOUND AND RECOMMENDED.

DATED:      Honolulu, Hawaii, March 10, 2014.



_____
Kevin S.C. Chang
United States Magistrate Judge

---

TRENDTEX FABRICS, LTD. V. CHAD JUNG KIM (dba TROPICAL GROUP), CIVIL NO.
CV13 00480 DKW-KSC; FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANT CHAD JUNG KIM (dba TROPICAL GROUP)
ImanageDB:2690656.1